Jonathan T. Koevary
Peter M. Sartorius
Amelia Hochman
OLSHAN FROME WOLOSKY LLP
*Attorneys for MatlinPatterson Global Advisers LLC*
1325 Avenue of the Americas
New York, New York 10019

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>M.J.G. MERCHANT FUNDING GROUP, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 18-11695 (MEW) |

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE SEEKING IMMEDIATE SURRENDER OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 365(d)(4)**

OLSHAN FROME WOLOSKY LLP
*Attorneys for MatlinPatterson Global Advisers LLC*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

Table of Contents

Page

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION AND VENUE ...................................................................................................2

FACTS ..........................................................................................................................................2

    A.    Background and the Parties ....................................................................................2

    B.    The Sublease and Prime Lease ..............................................................................2

    C.    The Debtor Fails to Pay Rent Since October 2017, and Fails to Deliver the Required Letter of Credit .......................................................................................3

    D.    Matlin Terminates the Sublease and Commences an Eviction Proceeding .............3

    E.    The Debtor Files for Bankruptcy Protection on the Eve of Trial in the Eviction Action ......................................................................................................4

    F.    Relief From Stay and Current State Court Proceedings .........................................5

ARGUMENT THE COURT SHOULD ISSUE AN ORDER SURRENDERING THE PREMISIS....................................................................................................................................5

CONCLUSION.............................................................................................................................7

CASES

*In re Kong*,
  162 B.R. 86 (Bankr. E.D.N.Y. 1993) ........................................................................... 7

*In re Scarborough-St. James Corp. (Scarborough-St. James Corp. v. 67500 South Main Street)*,
  554 B.R. 714 (D. Del. 2016) ................................................................................... 6, 7

*Matlin Patterson Global Advisers, LLC, Petitioner-Sublessor, v. M.J.G. Merchant Funding Group LLC, Respondent-Subtenant*,
  Index No. L&T 055973/18 ......................................................................................... 4

STATUTES

11 U.S.C. § 362(d)(4) ................................................................................... 1, 2, 5, 6

28 U.S.C. § 157(b)(2) ............................................................................................... 2

28 U.S.C. § 1334 ...................................................................................................... 2

Landlord-creditor MatlinPatterson Global Advisers LLC ("Matlin"), by and through its undersigned attorneys, hereby moves this Court (the "Motion") by order to show cause for an order, directing the Debtor to surrender the premise occupied by the Debtor pursuant to section 365(d)(4) of the Bankruptcy Code (defined below), and granting Matlin such other and further relief as is just and proper. In support of the Motion, Matlin respectfully sets forth as follows:

## **PRELIMINARY STATEMENT**[1]

Yesterday, October 1, 2018, was the deadline under the Bankruptcy Code by which the Debtor could assume unexpired leases of nonresidential real property. To the extent not assumed by the deadline, "nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor . . . ." 11 U.S.C. § 365(d)(4)(A).

The Debtor has not obtained an extension of this deadline or filed a motion for such an extension for cause "prior to the expiration of the 120-day period." 11 U.S.C. § 365(d)(4)(B)(i). Accordingly, the Debtor is deemed to have rejected the its sublease with Matlin and the Debtor must immediately surrender the office space it occupied pursuant its sublease with Matlin.[2]

As set forth herein, the automatic stay having been terminated, trial of Matlin's summary holdover proceeding against the Debtor in New York City Civil Court is scheduled for October 10, 2018, where Matlin expects the Debtor to take the position that its sublease with Matlin has not been validly terminated. Regardless, Matlin is entitled to immediate surrender because the Debtor has rejected the sublease.

---

[1] Capitalized terms not defined in the Preliminary Statement shall have the meanings ascribed to them in the body of the Motion.

[2] Matlin maintains its position that the underlying sublease was terminated prepetition.

4760574-1

## JURISDICTION AND VENUE

This Court has jurisdiction over the Debtor's chapter 11 case and this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of this Motion constitutes a "core" proceeding as defined in 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code").

The Debtor remains in possession and no trustee or official committee of creditors has been appointed.

## FACTS

### A. Background and the Parties

Landlord-creditor MatlinPatterson Global Advisers ("Matlin") is a Delaware limited liability corporation, with its principal place of business at 520 Madison Avenue, 35th Floor, New York, New York 10022. It is a private equity firm and investment manager. Matlin is the sub-landlord of office space located on the 9th floor of the office building located 70 East 55th Street in New York, New York (the "Premises").

In July 2017, Matlin subleased a portion of the Premises to the Debtor. The Debtor is a New York limited liability corporation, with its principal place of business at the Premises. It is purportedly engaged in the business of advising companies regarding mergers and acquisitions.

Robert Angona ("Angona") is the Debtor's founder and Chief Executive Officer. Upon information and belief, Angona is a resident of the State of New York and resides in Queens, New York.

### B. The Sublease and Prime Lease

Matlin and the Debtor entered into a Sublease (the "Sublease") dated July 7, 2017 for the Premises. A true and correct copy of the Sublease is attached as <u>Exhibit A</u>. The term of the

Sublease commenced July 14, 2017 and was set to expire December 30, 2019, unless earlier terminated.

The Sublease expressly incorporates the terms of a lease agreement dated September 2, 2014 between AMTAD LLC (as landlord) and Ursamine Credit Advisors, L.L.C. (as original tenant), as assigned to MP Senior Credit Partners L.P., and as further assigned to Matlin. A true and correct copy of the Prime Lease is attached as Exhibit B.

Pursuant to the Sublease, the Debtor agreed to pay Matlin fixed rent in advance at the rate of $25,771.25 per month. (Exhibit A at § 6.01(a)-(c)).

C.     **The Debtor Fails to Pay Rent Since October 2017, and Fails to Deliver the Required Letter of Credit**

In June 2017, the Debtor provided a $25,771.25 check to Matlin for the first rent payment due under the Sublease, *i.e.*, for the period September 14, 2017 to October 13, 2017. ***This single rent payment for the period of September 14, 2017 to October 13, 2017 is the only rent that the Debtor has ever paid to Matlin.*** The Debtor failed to pay rent due for the period of October 13, 2017 to October 31, 2017, as well as rent (and subsequently, use and occupancy) due November 1, 2017, December 1, 2017, January 1, 2018, February 1, 2018, March 1, 2018, April 1, 2018, May 1, 2018, June 1, 2018, July 1, 2018, August 1, 2018 and September 1, 2018.

D.     **Matlin Terminates the Sublease and Commences an Eviction Proceeding**

On November 10, 2017, Matlin issued a default notice to the Debtor arising out of the Debtor's failure to provide the letter of credit expressly required by the Sublease. Tenant failed to cure this default.

On December 22, 2017, the Debtor commenced an action in New York Supreme Court—Index. No. 657502/2017 (J. Scarpulla)—seeking declaratory and injunctive relief nullifying Matlin's default notice. The Debtor's complaint was accompanied by an order to show cause

seeking a temporary restraining order and a *Yellowstone* injunction. The court granted the Debtor a temporary restraining order enjoining Matlin from terminating the Sublease or commencing a summary holdover proceeding, and scheduled a hearing on the Debtor's motion for a *Yellowstone* injunction.

On January 31, 2018, the court held a hearing and denied the Debtor's motion for a *Yellowstone* injunction and dissolved its prior temporary restraining order.

By Notice of Termination dated February 13, 2018, Matlin terminated the Sublease effective February 22, 2018, by virtue of the Debtor's failure to timely provide a Letter of Credit required under the Sublease. A true copy of the February 13, 2018 Notice of Termination is attached as Exhibit C.

The Debtor failed to vacate the Premises by February 22, 2018 and occupies the Premises to this day.

On March 3, 2018, Matlin commenced a summary holdover proceeding against the Debtor in Civil Court of the City of New York, New York County, styled *MatlinPatterson Global Advisers, LLC a/k/a Matlin Patterson Global Advisers, LLC, Petitioner-Sublessor, v. M.J.G. Merchant Funding Group LLC*, *Respondent-Subtenant*, Index No. L&T 055973/18 (the "Eviction Action"), seeking to evict the Debtor. A true copy of the Holdover Petition is attached as Exhibit D. Prior to the Petition Date (defined below), the Civil Court had scheduled the trial of the Eviction Action for June 4, 2018.

E. **The Debtor Files for Bankruptcy Protection on the Eve of Trial in the Eviction Action**

On Sunday afternoon, June 3, 2018 (the "Petition Date"), less than 24 hours before the Monday, June 4, 2018 trial in the Eviction Action, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 (the "Petition"). *See* Dkt. No. 1.

4

It is apparent from the docket and face of the Debtor's first-day bankruptcy filings that this case was initiated for the express and sole purpose of delaying the Debtor's eviction and frustrating Matlin's rights under the Sublease. As Angona freely admits, the Debtor sought bankruptcy relief "to prevent eviction and stay the Eviction Action." Dkt. No. 1, Angona Decl. ¶ 5. The Petition provides no understanding how the Debtor intends to conduct the case, reorganize, or liquidate.

F.     **Relief From Stay and Current State Court Proceedings**

On July 16, 2018, Matlin filed its Motion for Relief From Stay, or in the Alternative, Motion to Dismiss the Case (the "Stay Motion") [Dkt. No. 14]. On August 10, 2018 this Court entered an order granting relief from stay [Dkt. No. 22]. The holdover trial had been scheduled for September 12, 2018, but the Debtor's counsel obtained an adjournment. The holdover trial is currently scheduled for October 10, 2018.

## ARGUMENT

## THE COURT SHOULD ISSUE AN ORDER SURRENDERING THE PREMISIS

Section 365(d)(4) of the Bankruptcy Code provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, ***and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier*** of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), ***prior to the expiration of the 120-day period***, for 90 days on the motion of the trustee or lessor for cause.

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 362(d)(4) (emphasis added).

Yesterday, October 1, 2018, was 120 days after the Petition Date. The Debtor has not moved to assume the Premises or to extend the deadline. Therefore, as a matter of law, the Debtor is deemed to have rejected the Sublease and is required to immediately surrender the Premises to Matlin.

Under no circumstances is the Debtor entitled to continued possession of the Premises. Either the Sublease was terminated prepetition or the Debtor has rejected it pursuant to 11 U.S.C. § 362(d)(4).

Should the Debtor take the position that 365(d)(4) does not apply here—i.e., where a landlord has terminated the lease prepetition or where the stay has been lifted—the Debtor is wrong. On nearly identical facts, in *In re Scarborough-St. James Corp. (Scarborough-St. James Corp. v. 67500 South Main Street)*, 554 B.R. 714 (D. Del. 2016), the United States District Court for the District of Delaware affirmed a Bankruptcy Court order authorizing surrender under section 365(d)(4) even where the stay had been previously lifted to allow for state court litigation. There, the debtor and landlord litigated over nonresidential real property prepetition, the landlord terminated the lease prepetition and sought immediate possession and the debtor filed a voluntary chapter 11 petition. *Id.* at 715-18. The Bankruptcy Court granted relief from stay and the landlord pursued the state court litigation. During that time, the 120-day deadline expired under section 365(d)(4) and the landlord moved the Bankruptcy Court for a surrender order thereunder. This was so, even though the landlord had terminated the lease prepetition. *See id. at* 717 n.4 (noting that the landlord maintained that the lease was terminated, but assumed for the purposes of the motion that the lease existed as of the petition date). The Bankruptcy Court

6
4760574-1

granted the landlord's motion and issued and order directing the debtor to immediately surrender the property, and the District Court affirmed upon appeal. *Id.* at 723.

As was the case in *Scarborough*, this Court can issue the surrender order, without deciding whether in fact the lease was terminated and Matlin need not rely solely upon its state law remedies for possession. *See, e.g., In re Kong*, 162 B.R. 86, 97-98 (Bankr. E.D.N.Y. 1993) (noting the "great weight of authority" that provides that a bankruptcy court can issue an order granting the surrender of leased property and need not rely solely on state court remedies).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Matlin respectfully submits that that this Court should enter an order directing surrender of the Premises.

Dated: New York, New York
October 2, 2018

OLSHAN FROME WOLOSKY LLP

By: */s/* Jonathan T. Koevary
Jonathan T. Koevary
Peter M. Sartorius
Amelia Hochman
*Attorneys for MatlinPatterson Global Advisers LLC*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300