**WILK AUSLANDER LLP**
1515 Broadway, 43rd Floor
New York, New York 10036
Telephone: (212) 981-2300
Eric J. Snyder, Esq.

*Counsel for Debtor and*
*Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x
In re:                                    :
                                          :   Chapter 11
M.J.G. MERCHANT FUNDING GROUP, LLC        :
                                          :   Case No. 18-11695(MEW)
                       Debtor.            :
                                          :
------------------------------------------x

**SUPPLEMENT TO MOTION OF DEBTOR PURSUANT TO SECTIONS 105(a) AND 1112(b) OF THE BANKRUPTCY CODE TO DISMISS CHAPTER 11 CASE**

      M.J.G. Merchant Funding Group, LLC (the "Debtor"), the debtor in the above-captioned chapter 11 case, by its counsel, Wilk Auslander LLP, submits this supplement to the motion (the "Motion"), filed on January 4, 2019 [ECF No. 41], pursuant to Sections 105(a) and 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to dismiss the Debtor's chapter 11 case. In further support of the Motion, the Debtor respectfully states as follows:

      1.    As stated in the Motion, the Debtor has concluded that that the Furniture[1], its only remaining asset, is of inconsequential value and thus its sale or other disposition will not lead to any meaningful recovery for creditors. (Mot ¶¶ 12, 14.) Accordingly, there is no property of the Debtor's estate available to liquidate or administer for the benefit of creditors.

---

[1] Unless otherwise stated, all capitalized terms herein that are undefined shall have the same meaning as ascribed to them in the Motion.

2. The Debtor's determination that the Furniture is of inconsequential value is informed by an appraisal (the "Appraisal") of the Furniture conducted at the Debtor's direction by Hayloft Auction ("Hayloft"). Attached hereto as **Exhibit A** is a "Certificate of Appraisal" prepared by Hayloft which ascribes a "Total Auction Value" of no more than $10,000 to the Furniture. The Appraisal states that

> The age and the condition of the furniture in my opinion has an auction value of less than $10,000. Taking into consideration the size of the furniture moving it to another location and the expense involved for a sale I believe this figure is generous.

3. The Debtor has determined that the costs of selling the Furniture will exceed any potential benefit to the estate realized from the sale of the Furniture. Specifically, the costs of continuing to store the Furniture (which the Debtor is liable for under the Surrender Order) and the costs of proceeding with an auction or other sale of the Furniture (e.g., sales commissions), accompanied by the risk that no suitable offer for the Furniture may be obtained, will likely significantly reduce the net proceeds of a sale of the Furniture to a level that would not benefit the estate. Simply put, the Debtor believes that attempting to sell the Furniture will not benefit creditors.

*Remainder of Page Left Intentionally Blank*

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court enter the proposed form of order attached to the Motion as Exhibit B: a) dismissing the Debtor's Chapter 11 case; and b) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      January 10, 2019

**WILK AUSLANDER LLP**

By: /s/ Eric J. Snyder
    Eric J. Snyder, Esq.
1515 Broadway, 43rd Floor
New York, NY 10036
(212) 981-2300

*Counsel for Debtor and Debtor In Possession*

01071002.1